IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Charles White | : | |
| | : | Case No.   C-1-01-494 |
| Petitioner | : | CR-1-99-119-2 |
| | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| United States of America | : | ORDER |
| | : | |
| Respondent | : | |

This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  (Doc. #70.)[2]  For the reasons that follow, the Court **DENIES** Petitioner's motion.

I.   BACKGROUND

On December 15, 1999, a federal grand jury returned a three-count Indictment (doc. #7) against Charles White and Tony Fullman charging them with drug-related offenses.  In Count One, the government charged White with conspiracy to manufacture and to possess with the intent to distribute marijuana.  (Indictment, doc. #7, p.1-3.)  The Count One charge included as a specific overt act that White maintained 112 marijuana plants in various stages of development

---

[1] White creatively labeled his § 2255 motion as the "Petition for Issuance of the Great Writ of Liberty, Habeas Corpus & For Other Affirmative Relief Implicating the Erie Doctrine and Disqualifying Conflicts of Interest Pre-Empting the Federal Administrative States Uncompensated Public Regulated Takings in Nature of Fed.R.Civ.P. 81(a)(2), Title 5 USC §703, 552a et seq., with Petitioner's Standing Objection to USCS § 2255 Debasements of the Great Writ and the Functional Conversions of the Courts to Government Money Pits."

[2] The citations in the text to "Doc. #" refer to White's criminal docket report in Case No. CR-1-119-02.  The pending motion is doc. #1 in the civil docket report in Case No. C-1-01-494.

on his property.  (Id.)  The government also charged White in Count Three of the Indictment as follows:

> On or about November 24, 1999, in the Southern District of Ohio, defendant **CHARLES WHITE** did knowingly and intentionally, and unlawfully possess with intent to distribute a Schedule I Controlled Substance, to wit: marijuana.
>
> In violation of 21 U.S.C. § 841(a)(1).

(Id., p. 4.)

On February 15, 2000, the Government filed its Plea Agreement Submission of Elements and Penalties for 21 U.S.C. § 841(a)(1) (doc. #27) as to Count Three charged in the Indictment. The Plea Agreement Submission did not specify the amount of marijuana that White had in his possession, custody, or control, but instead referred generally to "a quantity of marijuana." (Doc. #27, ¶ 1.)  The Plea Agreement Submission also did not identify the statutory subsection upon which White's penalties would be based, but it stated that White faced a possible maximum penalty of "[u]p to 20 years in prison, $1 Million fine, and three years of Supervised Release." (Id. ¶ 2(A).)

On February 16, 2000, White entered a plea of guilty as to Count Three of the Indictment, specifically to a charge of "possession of marijuana with intent to distribute in violation of Title 21 U.S.C. Section 841(a)(1)," an offense punishable by "up to 20 years imprisonment, a one million dollar fine, [and] three years of supervised release." (Doc. #29; Transcript, doc. #73 at 4.)  At the plea hearing, an agent from the Drug Enforcement Agency ("DEA") testified that agents had seized 112 marijuana plants from White's house which were later analyzed by a crime laboratory to have a net weight of 17,830.2 grams. (Transcript, doc. #73, at 29.)  White's legal counsel agreed to the facts testified to by the DEA agent with the

following exception:

> Your honor, we have only one issue. There may be some disagreement as to the amount of plant as the term "plant" is defined in the guidelines. I don't believe it affects the plea here today under count three. I think that's a potential sentencing issue down the road, but we may likely take issue with the exact amount of the plants, but otherwise the facts are correct.

(Id. at 31.) Thereafter, the Court accepted White's guilty plea. (Id. at 31-33.)

A United States probation officer completed a Presentence Report ("PSR") regarding White on May 1, 2000. The probation officer stated in the PSR that White's offense of conviction was possession of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), an offense punishable by up to 20 years imprisonment, a $1,000,000 fine, at least three years of supervised release, and a $100 special assessment. On July 19, 2000, the Court sentenced White to 13 months of imprisonment followed by four years of supervised release. (Docs. #56-57.) After sentencing, the Court dismissed Count One of the Indictment against White. (Doc. #58.) On July 28, 2000, the Court entered an Amended Judgment to correct an inadvertent mistake regarding the forfeiture of certain currency; the Amended Judgment did not alter the other substantive penalties imposed upon White. (Doc. #64.)

On July 24, 2001, White filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States filed a response opposing White's § 2255 motion, and White then was permitted to file a supplemental petition.

## II.     STANDARDS FOR ADJUDICATING SECTION 2255 MOTIONS

Under 28 U.S.C. § 2255 "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To adjudicate a § 2255 motion, the Court is to consider the

motion, together will all of the filings, transcripts, records, and correspondence related to the sentence under attack.  See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4.  An evidentiary hearing is not required if "the record conclusively shows that the petitioner is entitled to no relief," Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996), or if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact," Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999).  Additionally, because this Court conducted the underlying criminal proceedings, the Court may rely on its recollections of the proceedings in ruling upon this collateral attack.  See Blanton, 94 F.3d at 235.

In order to prevail upon a § 2255 motion, a petitioner must allege as a basis for relief: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted).  The error of constitutional magnitude must be one "which had a substantial and injurious effect or influence on the proceedings."  Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003) (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

### III.   ANALYSIS

The underlying grounds upon which White bases his § 2255 motion are lack of jurisdiction and  ineffective assistance of counsel.  More specifically, White makes multiple overlapping arguments the most cogent of which can be identified as follows: (1) the Indictment in Count Three did not specify the quantity of drugs White possessed with the intent to distribute; (2) the statutory provision under which he was indicted in Count Three, 21 U.S.C.

§ 841(a)(1), contains no penalty provision; (3) the Indictment was constructively amended by the Presentence Report; (4) the Amendment of the Indictment and application of the United States Sentencing Guidelines operated as ex post facto laws; (5) Title 21 of the United States Code is not positive law; (6) White's criminal proceedings violated the principles of the separation of powers expressed in the Erie doctrine; and (7) the criminal proceedings violated 40 U.S.C. § 255 because the government did not file an acceptance of jurisdiction. The Court has considered Petitioner's motion and all of the relevant pleadings, but has determined that a hearing is not necessary because "the record conclusively shows that petitioner is entitled to no relief." Blanton, 94 F.3d at 235.

White cites to Apprendi v. New Jersey, 530 U.S. 466 (2000), as the authority for several of the arguments listed above. The Supreme Court held in Apprendi that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Id. at 476. The Supreme Court further elucidated as follows:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. . . . It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established beyond a reasonable doubt.

Id. at 490 (internal quotation and citation omitted). Following Apprendi, the Supreme Court addressed the subject of mandatory minimum and maximum sentences in Harris v. United States, 536 U.S. 545 (2002), which the Sixth Circuit has interpreted as holding that "a defendant's rights under Apprendi are not offended where a fact that is not proved beyond a reasonable doubt

5

increases a defendant's mandatory minimum sentence but does not increase the maximum statutory range." United States v. Copeland, 321 F.3d 582, 602 (6th Cir. 2003).

To understand Apprendi in the context of this case, it is necessary to examine the penalty scheme of the statutory offense to which White pleaded guilty. White pleaded guilty to Count Three of the Indictment which charged him with possession with the intent to distribute an unspecified quantity of marijuana in violation of 21 U.S.C. § 841(a)(1). Defendants charged under § 841(a) are subject to varying statutory ranges of punishment based on the quantity and type of drug they possessed.[3]

- A defendant convicted of possessing 1000 kilograms or more of marijuana, or 1000 marijuana plants or more regardless of weight, is subject to a sentence of 10 years to life imprisonment pursuant to § 841(b)(1)(A).

- A defendant convicted of possessing more than 100 kilograms of marijuana, or 100 or more marijuana plants regardless of weight, is subject to a sentence of not less than 5 years and not more than 40 years imprisonment pursuant to § 841(a)(1)(B).

- A defendant convicted of possessing an undetermined amount of a "controlled substance in Schedule I or II" is subject to term of imprisonment of up to 20 years, with no mandatory minimum sentence, pursuant to § 841(a)(1)(C).

- A defendant convicted of possessing less than 50 kilograms of marijuana, except in the case of 50 or more marijuana plants regardless of weight, is subject to a sentence not to exceed 5 years imprisonment, with no mandatory minimum length of imprisonment, pursuant to § 841(a)(1)(D).

21 U.S.C. § 841.

The Sixth Circuit has held generally that the more lenient provision, § 841(a)(1)(D) calling for a mandatory maximum sentence of 5 years imprisonment, applies for defendants

---

[3] The summary assumes there are no other aggravating factors applicable.

convicted of possessing an unspecified amount of marijuana, not § 841(a)(1)(C).  See United States v. Bartholomew, 310 F.3d 912, 925-26 (6th Cir. 2002); United States v. Martinez, 253 F.3d 251, 255 (6th Cir. 2001).  In this case, however, White specifically pleaded guilty on February 16, 2000 to a charge of "possession of marijuana with intent to distribute in violation of Title 21 U.S.C. Section 841(a)(1)," an offense punishable by "up to 20 years imprisonment, a one million dollar fine, [and] three years of supervised release."  (Transcript, doc. #73 at 4.)  "By entering a plea of guilty, a defendant admits all of the facts that comprise the elements of the crime."  United States v. Garcia, 252 F.3d 838, 843-44 (6th Cir. 2001).  White implicitly acknowledged in his plea that he possessed 50 kilograms or greater of marijuana or more than 50 marijuana plants because he admitted that the penalty provisions in § 841(b)(1)(C), not § 841(b)(1)(D), applied to his offense.  In any event, White's sentence of 13-months imprisonment was well within the 5-year maximum of § 841(b)(1)(D) and the 20-year maximum of § 841(b)(1)(C).  Thus, his Apprendi rights were not violated.  See Copeland, 321 F.3d at 603; see also United States v. Knight, No. 01-6391, 2003 WL 21206088, at *3 (6th Cir. May 9, 2003) ("Apprendi concerns are not implicated when the defendant was sentenced within the penalty range appropriate to the facts that were contained in the indictment.").[4]

White also contends that the Indictment is defective because it did not specify a quantity of drugs and because the statutory section under which he was indicted, 21 U.S.C. § 841(a)(1),

---

[4] The primary Sixth Circuit case relied upon by White for his Apprendi arguments, United States v. Strayhorn, 250 F.3d 462 (6th Cir. 2001), was overruled in United States v. Leachman, 309 F.3d 377, 383 (6th Cir. 2002).  The court in Strayhorn had held that Apprendi applied to mandatory minimum sentences.  See 250 F.3d at 468-71.  In Leachman, the Sixth Circuit overruled Strayhorn to the extent that it conflicted with the Supreme Court's holding in Harris as discussed in the text above.  See 309 F.3d at 383.

does not contain its own penalty provision.  These related arguments are likewise without merit.  To begin, the Sixth Circuit has held that the statutory scheme of 21 U.S.C. § 841 is not unconstitutional.  See United States v. Martinez, 253 F.3d 251, 256 n.6 (6th Cir. 2001).  The Sixth Circuit has called "patently meritless" the argument that the district court lacks jurisdiction to impose a penalty upon a defendant convicted under 21 U.S.C. § 841(a), but not specifically under § 841(b).  United States v. Pinkley, No. 00-6138, 24 Fed. Appx. 287, 2001 WL 1355297, at *2 (6th Cir. Oct. 26, 2001).  Section 841(b) merely provides the penalties for violations of the substance offense defined at § 841(a).  See United States v. Campbell, 317 F.3d 597, 602 (6th Cir. 2003); Pinkley, 2001 WL 1355297, at *2.  For these reasons, the citation to 21 U.S.C. § 841(b) in the Presentence Report did not constitute an amendment of the Indictment nor a violation of the Ex Post Facto Clause of the Constitution.

Finally, any error in the Indictment for failing to specify a drug quantity in Count Three was harmless because White's 13-month sentence of imprisonment falls within under the lowest tier of the sentencing scheme for possession of marijuana set forth 21 U.S.C. § 841(b)(1)(D).  See Copeland, 321 F.3d at 602-03 (stating that under Apprendi a defendant should be sentenced under the lowest statutory tier when the quantity of drugs is not stated in the indictment).  White was amply put on notice of the nature of the charges against him and the possible penalty upon conviction by the express terms of the Indictment and during his plea hearing.  "Any error in the omission of reference in the indictment to Section 841(b) or the exact quantity of drugs involved was harmless in light of the fact that Defendant has been fairly put on notice of the charges against him."  United States v. Kirksey, 174 F. Supp. 2d 611, 618 (E.D. Mich. 2001).

Turning now to a different set of arguments, White next contends that the Indictment was

defective and his conviction pursuant to 21 U.S.C. § 841(a)(1) is invalid because Title 21 of the United States Code has not been enacted into positive law. The basis of this argument is found at 1 U.S.C. § 204 which provides that matters set forth in the United States Code "establish prima facie the laws of the United States," and when "titles of such Code shall have been enacted into positive law the text thereof shall be legal evidence of the laws therein contained." 1 U.S.C. § 204(a). Title 21 is not listed among those titles that have been enacted into positive law. Id. "The concern here is not with the validity of the underlying legislation but with the authenticity of the Code . . . ." Wilson v. United States, No. 90-6341, 1991 WL 216477, at *1 (10th Cir. Oct. 23, 1991). The fact that Congress did not enact Title 21 into positive law has no bearing on the district courts' jurisdiction, see Anderson v. United States, No. 1:02-CV-1368, 2004 WL 2326386, at *2 (N.D.N.Y. Oct. 13, 2004), nor does it render the underlying enactments invalid or unenforceable, see id.; see also, e.g., Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985); United States v. Packard, No. 03-3017-SAC, 02-2004-01-SAC, 2003 WL 22327174, at *4 (D. Kan. Sept. 3, 2003); United States v. Almonte-Nunez, No. 99-3059, 1999 WL 1215922, at *1 (D.C. Cir. Nov. 12, 1999). In sum, White's argument concerning the enactment of Title 21 is frivolous.

In another argument, White invokes the Erie doctrine and appears to argue that he could not be charged and convicted pursuant to a federal statute because the government did not allege that he committed his offense on federally-owned property. The well-known doctrine of Erie R.R. v. Tompkins, 304 U.S. 64 (1938)–stating that a federal judge sitting in a diversity action must apply the same substantive law that would be applied if the action had been brought in a state court of the jurisdiction in which the federal court is located–is not relevant here. White's argument likely is intended to be understood as a challenge to the constitutionality of Title II of

the Comprehensive Drug Abuse Prevention and Control Act of 1970 to the extent the Act proscribes intrastate activities. The Sixth Circuit has definitively rejected this argument holding that "the Act [is] a valid exercise of Congress's authority under the Commerce Clause." United States v. Gregory Brown, No. 97-1618, 2000 WL 876382, at *13 (6th Cir. June 20, 2000); see also United States v. Carl Brown, 276 F.3d 211, 214-15 (6th Cir. 2002); United States v. Scales, 464 F.2d 371, 375 (6th Cir. 1972).

Relatedly, Brown argues that in order to charge him with a federal offense the government was required to establish, but did not establish, jurisdiction over the location of the criminal offense pursuant to former 40 U.S.C. § 255.[5] Former 40 U.S.C. § 255 regulated the purchase of land by the United States. Contrary to White's argument, it "[did] not require that the government acquire title to the property on which a crime occurred as a prerequisite to a criminal prosecution." United States v. Knight, No. 97-1228, 1998 WL 163727, at *1 (10th Cir. Mar. 26, 1998); see also United States v. Williams, No. 02-4309, 2003 WL 23018571, at *2 (7th Cir. Dec. 20, 2003) (stating that former 40 U.S.C. § 255 "does not divest the government of jurisdiction to enforce federal law on land that it does not own.")  This argument is also frivolous and does not provide White a basis for relief.

---

[5] Former 40 U.S.C. § 255 was amended and recodified in 2002 at 40 U.S.C. § 3111. White's argument centers on a specific provision in former 40 U.S.C. § 255 which provided for federal government agencies to file notices of acceptance of jurisdiction over land with the governor of the state in which the land is situated. There is no analogous provision in the new law.

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. #70) is **DENIED**.

IT IS SO ORDERED.

                                                                                          __S/Susan J. Dlott_____
                                                                                          Susan J. Dlott
                                                                                          United States District Judge